UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| REBECCA LOWE, *as Personal Representative, estate of* **Ruth Smeltzer, deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | No. 1:16-cv-00275-RL-SLC |
| **JPMORGAN CHASE BANK NA,** *doing business as* **Chase Bank,** *et al.*, | ) ) ) ) | |
| **Defendants.** | ) | |

## **OPINION AND ORDER**

Before the Court is an unopposed Motion for a Protective Order (DE 13; DE 14) filed by Defendant JPMorgan Chase Bank, N.A. ("Chase"), seeking approval and entry of a proposed protective order pursuant to Federal Rule of Civil Procedure 26(c). The proposed order (DE 13-1) pertains to a security videotape of a Chase branch that may reveal its security procedures. While the Court agrees that Chase has shown "good cause" for the entry of a protective order, Fed. R. Civ. P. 26(c)(1), the form of order proposed by Chase is deficient in several ways, so the motion will be DENIED with leave to refile.

First, paragraph 5 of the proposed order provides that any documents filed with the Court containing any information in the videotape "shall be filed in sealed envelopes pursuant to Administrative Rule 9(j) to be opened only by the Court or as the Court may direct and shall be labeled so as to indicate the foregoing."[1] (DE 13-1 ¶ 5). However, this Court's Local Rule 5-3(c)(1) states, "[t]o file a sealed document . . . in a civil case, a party must file it electronically as required by the *CM/ECF User Manual*." N.D. Ind. L.R. 5-3(c)(1). Thus, the local rules

---

[1] The proposed order does not include a legal citation to "Administrative Rule 9(j)," and therefore, it is unclear as to the set of administrative rules to which this is referring.

expressly require sealed documents to be filed electronically. The parties shall not file documents containing confidential information with the Court in sealed envelopes, which would be in contravention of the local rules, without express permission from the Court. *See* N.D. Ind. L.R. 1-1(c).

Next, paragraph 22 states that the Court will limit access to the courtroom whenever confidential information is introduced at a hearing, trial, or other proceeding. (DE 13-1 ¶ 6). But at this early juncture, the Court is unwilling to agree to limit access to any courtroom proceeding. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

Another problem with the proposed order is that the parties' process for the destruction of all copies of the security videotape "and all notes, memoranda or other documents which contain information therefrom" does not provide an exception for the Court. (DE 13-1 ¶ 7). The Court will not agree to destroy any exhibits or documents that have been made part of the record.

Also, paragraph 8 of the proposed order provides that the terms of the order shall survive and remain in full force and effect after the termination of the lawsuit. (DE 13-1 ¶ 8). That provision is acceptable, but it should make clear that the Court will not retain jurisdiction over the protective order after the termination of this action. The Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order

must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The instant proposed order does not contain this language.

For these reasons, Chase's Motion for Protective Order (DE 13; DE 14) is DENIED with leave to refile.

SO ORDERED.

Entered this 28th day of February 2017.

/s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge